**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE ESTATE OF LYNNISE ANGELA CLARK, | Civil Action No. 12-4071 (CCC-JBC) |
| Plaintiff, | |
| v. | **OPINION** |
| SCOTT KEYS, et al., | |
| Defendants. | |

**CECCHI, District Judge.**

### I.     INTRODUCTION

This matter comes before the Court by way of two separate motions by Defendants Ronald Faris, Ocwen Loan Servicing, LLC, OneWest Bank FSB, and Dondzilla [ECF No. 56] and by Defendant Fein, Such, Kahn & Shepard, P.C. [ECF No. 57] to dismiss the Second Amended Complaint [ECF No. 55] of Plaintiff The Estate of Lynnise Angela Clark for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), and for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff, who is proceeding pro se, has not responded to either motion. The motions have been decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendants' motions to dismiss Plaintiffs' Second Amended Complaint are granted, and Plaintiff's Second Amended Complaint is dismissed without prejudice.

1

## II.   BACKGROUND

The following facts are accepted as true for purposes of the instant motion.[1] Plaintiff owned the subject property located at 10 Franklin Street, Vauxhall, New Jersey 07088 (the "Property"). See Declaration of Brett L. Messinger, Exhibits A and B, ECF No. 58-2; see also Second Amended Complaint ("Sec. Amend. Compl."), ECF No. 55, at ¶¶ 210-212. On September 12, 2006, Plaintiff obtained a $296,000.00 loan from IndyMac Bank FSB ("Indymac"), which later became IndyMac Federal Bank FSB ("IndyMac Federal").[2] See id.

After Plaintiff defaulted on her loan payments, IndyMac Federal instituted a foreclosure action against Plaintiff. See IndyMac Federal Bank, FSB v. Lynnise A. Clark, No. F-4806-09 (N.J. Super. Ct. Ch. Div.). The Superior Court of New Jersey, Chancery Division, entered a final judgment of foreclosure against Plaintiff on February 26, 2010, from which Plaintiff did not appeal. See Declaration of Brett L. Messinger, Exhibit D, ECF No. 58-2.

More than two years later, Plaintiff brought suit in this Court, on June 8, 2012. See ECF No. 1. In essence, Plaintiff's Second Amended Complaint is based on her allegations that Defendants improperly prepared and handled her loan documents by assigning her loan to a third-party without Plaintiff's consent. See Sec. Amend. Compl., ¶¶ 146-207. She states that, after the

---

[1]  This Court previously dismissed Plaintiff's Amended Complaint, by Order dated August 25, 2016, with instructions to file a Second Amended Complaint that "should only contain a short and plain statement of all of the claims and facts Plaintiff wishes to allege . . . ." See ECF No. 54. Although Plaintiff thereafter filed a Second Amended Complaint [ECF No. 55], the pro se Plaintiff appears to have neglected to include certain facts that would form the basis of her allegations against Defendants. Accordingly, the Court references documents attached by Defendants and the publicly available record upon which Plaintiff's allegations are based.

[2]  Defendants explain that after IndyMac failed in July 2008, the Office of Thrift Supervision closed Indymac and appointed the FDIC as receiver for IndyMac. The Office of Thrift Supervision also created a new entity, Indymac Federal, "into which IndyMac's assets (but almost none of its liabilities) were transferred, and appointed the FDIC as conservator for IndyMac Federal." See Memorandum of Law in Support of Motion to Dismiss, ECF No. 56, at 2.

foreclosure action, "I realize that fraud was committed . . . an alleged Mortgage process had taken place by THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK FSB for the consideration of the sum of $1.00 but is showing a secured payment in the amount of $296[,]000.00 . . . ." On September 30, 2015 and October 15, 2015, Defendants filed their respective, unopposed motions, seeking dismissal of Plaintiff's Second Amended Complaint.

### III. LEGAL STANDARD

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. Ballentine v. U.S., 486 F.3d 806, 810 (3d. Cir. 2007) (citing St. Thomas-St. John Hotel Tourism Ass'n v. Gov't of the U.S. Virgin Islands, 218 F.3d 232, 240 (3d. Cir. 2000)); Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 733 (3d Cir. 1970).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" Lance v. Coffman, 549 U.S. 437, 439 (2007); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("Though some of its elements express merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). One key aspect of this case-or-controversy requirement is standing. Lance, 549 U.S. at 439. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." Constitution Party of Pennsylvania, 757 F.3d 347, 360 (3d Cir. 2014) (citing Davis v. FEC, 554 U.S. 724, 734 (2008)).

To establish standing, a plaintiff must satisfy a three-part test, showing: (1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the

3

plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court. Nat'l Collegiate Athletic Ass'n v. Gov. of N.J., 730 F.3d 208, 218 (3d. Cir. 2013) (citing Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan, 504 U.S. at 561. At the motion to dismiss stage, a plaintiff must demonstrate a plausible claim of standing. See id.

Additionally, for a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV. DISCUSSION

For the following reasons, the Court finds that Plaintiff's Second Amended Complaint is dismissed without prejudice.

### I. Plaintiff Lacks Standing To Bring This Action

At the outset, both motions to dismiss note that the pro se Plaintiff instituted this action under the name of "The Estate of Lynnise Angela Clark" although no such legally recognized estate exists. Rather, the Plaintiff (Lynnise Angela Clark) is living and appears to have signed and have notarized certain documents under her own name, instead of the name of the estate. Plaintiff, as a fictitious estate, lacks standing to bring this action. See Estate of Casimir v. New Jersey, No. 09-4004, 2009 U.S. Dist. LEXIS 78113, at *9 (D.N.J. Aug. 31, 2009) ("[T]he 'estates' . . . cannot qualify as litigants since Plaintiffs offer no order by a probate court acknowledging the existence of these 'estates' . . . . Since . . . [n]either one of the 'estates' is an existing person, this matter should be dismissed because no Plaintiff named in this action has standing to sue.") Accordingly, Plaintiff's Second Amended Complaint is dismissed for lack of standing.

### II. Subject Matter Jurisdiction Is Lacking Pursuant To The Rooker-Feldman Doctrine

To the extent Plaintiff could prove the existence of The Estate of Lynnise Angela Clark, Defendants contend that this Court lacks subject matter jurisdiction to hear Plaintiff's claims due to the Rooker-Feldman doctrine, because there was a fully adjudicated foreclosure action in state court. The Rooker-Feldman doctrine divests federal courts of subject matter jurisdiction where the requested relief would reverse a prior state court decision or void its ruling. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see also 28 U.S.C. § 1257. There are four factors used to determine whether the Rooker-Feldman Doctrine applies: "(1) the federal plaintiff lost in state court; (2) the plaintiff

complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

Here, all four factors are met. First, a foreclosure proceeding was instituted against Plaintiff in state court, which resulted in a final foreclosure judgment against Plaintiff. Second, the gravamen of Plaintiff's Second Amended Complaint is that Defendants were not the true holders of the note and thus did not have standing to enforce the loan and proceed with the foreclosure action against Plaintiff. Third, the final foreclosure judgment was rendered in February 2010, before Plaintiff instituted the action before this Court. And fourth, Plaintiff's Second Amended Complaint now seeks review by this Court to invalidate the foreclosure proceeding that was fully litigated in state court. Plaintiff asks that this Court instead declare her "the true owner of the Land and Improvements located at 10 Franklin Street", nullify "all assignments of mortgage", strike "all court records recording this matter . . . from the record in Trenton", and order compensation to Plaintiff by way of a sum in excess of "One Billion, One Hundred Fourteen Million . . . Dollars" for damages incurred. See Sec. Amend. Compl., ¶¶ 210-20, 224-26, 342-57.

Accordingly, because the Rooker-Feldman doctrine applies here, this Court lacks subject matter jurisdiction to review Plaintiffs' Second Amended Complaint.

### III. Any Remaining Claims Would Be Dismissed For Failure To State A Claim

Last, it appears that Plaintiff's Second Amended Complaint lists or makes passing reference to several claims that may not be germane to the foreclosure action.[3] Apart from the

---

[3] The Court is referring to Plaintiff's list of several possible causes of action including those for trademark infringement, fraud, extortion, mail fraud, conspiracy, fictitious obligations,

6

primary basis for dismissal (that Plaintiff is a fictitious estate that lacks standing) and the applicability of the Rooker-Feldman doctrine to certain of these claims, they would also be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Although Plaintiff lists several statutes and treaties, she fails to articulate any facts in support of these statutory violations and does not tie these purported claims to any of the recited facts in the Second Amended Complaint or otherwise amplify her pleadings. Accordingly, these claims must be dismissed because there is insufficient factual matter to state a claim to relief that is plausible on its face. See Twombly, 550 U.S. at 570.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is granted without prejudice. An appropriate Order accompanies this Opinion.

Dated: May 25, 2016

CLAIRE C. CECCHI, U.S.D.J.

---

interstate stalking, false claims, abuse of authority, violation of RICO, and the violation of several international peace treaties. See Sec. Amend. Compl., ¶¶ 71-77, 119-23, 305-32.